Statement of the Case.
NIOHOLLS, J.
The plaintiff having appealed from a judgment of the district court sustaining an exception of no cause of action, we are called on to examine the pleadings.
In his petition he alleged that some time prior to February 8th he was solicited to purchase the following property by E. R. Gurley, real estate agent, or broker, viz.:
“ ‘A certain portion of ground situated in the Sixth district of the city, in square 535, bounded by Peters avenue, Octavia, Franklin streets, forming the corner of Liberty street, measuring 105 feet front on Peters avenue by a depth and front on Liberty street of 150 feet.’
“That after some negotiation as to a reduction of the price asked for said property petitioner finally, on February 8, 1907, offered to purchase the said property, measuring 105 feet front on Peters avenue, for the price and sum of $4,900 cash, all as will more fully and at large appear by reference to his said offer to purchase the said property, hereto annexed and made part hereof and marked ‘Exhibit A.’
“That on the same day he was notified in writing by said real estate broker that his said offer to purchase said property with a frontage of 105 feet on Peters avenue had been accepted, all as will more fully and at large appear by reference to the said notification of acceptance given him by said broker, also hereto annexed and made part hereof and marked ‘Exhibit B,’ and thereupon your petitioner placed in the hands of said broker a deposit of 10 per cent, or $490, to bind the sale to him of said property with a frontage of 105 feet on Peters avenue, all as will more fully and at large appear by reference to said receipt therefor from said broker given him, which is also hereto annexed and made part hereof and is marked ‘Exhibit C.’
“That the owner of said property, Silvan New-burger, also a resident of this city, accepted said offer in writing, agreeing to sell a frontage of 105 feet on Peters avenue, all as will more fully and at large appear by reference to a letter addressed by the said Newburger to Garland Wolfe, real estate agent or broker, who- handled the said matter jointly with the said E. R. Gurley, real estate agent or broker, a copy of which letter is hereto annexed and made part hereof and is marked ‘Exhibit D,’ the original of which letter will be produced on the trial hereof.
“That thereupon the said Newburger delivered to petitioner, through his said agents, the title deeds to said property and other papers connected therewith; the said title deed reciting that the said property had a frontage of 105 feet on Peters avenue, all as will more fully and at large appear by reference to a certified copy of the said title deed, hereto annexed for reference and marked ‘Exhibit E.’
“That petitioner thereupon examined the title to the said property, but, finding that there was uncertainty as to the frontage of said property on Peters avenue, he called upon the said New-burger to have a survey thereof made, which he agreed to do, and did have said survey made by Edgar Pilie, Sr., all as will more fully and at large appear by reference to a copy of said survey, hereto annexed and made part hereof and marked ‘Exhibit F.’
“That, according to the said survey, made under the orders and for the account of the said Newburger by his surveyor, it appears that the said property owned by the said Newburger and agreed to be sold him measures but 100 feet 10 inches 2 lines front on Peters avenue, instead of 105 feet front thereon, as said agreement of sale and title deed calls for, there being hence a deficiency of 4 feet 1 inch 6 lines, which difference, based on the price agreed to be paid for 105 feet frontage on Peters avenue, makes a difference in value of $193.
“That upon ascertaining that said deficiency existed, although such deficiency materially reduced the value of said property far in excess of the proportionate reduction above set forth, he offered to complete the transfer of said property, subj'eet to the reduction of $193; but, such offer being declined by the said Newburger, he caused a legal tender of an act of sale signed by him to be made the said Newburger, in which act was recited the correct measurement of said property, and further recited the consideration thereof to be $4,707, which was the agreed price of 105 feet front on Peters avenue, to be sold him, less the reduction for the foot frontage not found in the property, all of which will more fully and at large appear by reference to a duly certified copy of said act of tender, hereto annexed and made part hereof and marked ‘Exhibit G.’
“Petitioner showed that he agreed to purchase said property with a frontage of 105 feet, or 3% lots of the ordinary width in this city; that said frontage of 105 feet was agreed to be sold him; that Peters avenue is one of the most select residence streets in this city, and foot frontage thereon is of prime importance in the purchase and sale of property upon said street; that, having agreed to sell him 105 feet front on said *327 street for $4,900, tire said Newburger cannot fulfill his agreement by only offering a frontage of 100 feet front on said street for the same consideration.
“That, having specifically agreed to sell petitioner 105 feet front on Peters avenue for $4,-900, he hence bargained to sell him said property at the rate of $46.67 per front foot; and, as he is unable to deliver the quantity sold, the purchase price of the said property should be reduced at the same rate, the said reduction amounting to $193, as above set forth.
“That equity and good conscience require that he be afforded a proportionate reduction in the purchase price of said property in accordance with the legal tender made the said defendant.
“He prayed that the said Silvan Newburger be cited to appear and answer this demand, and that, after due hearing and proceedings had, judgment be rendered' enforcing the legal tender made by him to the said Newburger, and accordingly decreeing that the said Silvan Newburger make title to him of the said property shown on the survey thereof made by Edgar Pilie, Sr., upon the payment to him of the money tendered him, to wit, $4,707; said property, however, to be clear of all incumbrances. And petitioner further prayed for all costs, including costs of tender: and he further prayed for general relief.”
On May 3d plaintiff signed the following paper:
“New Orleans, February 8, 1907.
“I hereby agree and bind myself to purchase the following described property, viz.: A certain portion of ground situated in the Sixth district of this city, in square 525, bounded by Peters avenue, Octavia, Franklin, and forming the corner of Liberty street, and measuring 105 feet front on Peters avenue by a depth and front on Liberty street of 150 feet, in New Orleans, La., together with all the improvements thereon or thereto belonging, for the sum of forty-nine hundred dollars ($4,900.00), payable cash, provided that the title thereto is a good and valid one and the property is free from all in-cumbrances, excepting taxes for current year, which are to be paid by me. Act of sale to be passed before W. Morgan Gurley, notary, at purchaser’s expense. All necessary certificates to be furnished by vendor.
“[Signed] Jno. T. Whitaker.
On February 8th E. Randolph Gurley, the broker of the defendant, wrote the following letter to plaintiff:
“E. Randolph Gurley,
“Auctioneer and Real Estate Agent.
“Stocks and Bonds.
“727 Common Street.
“New Orleans, La., Feb. 8, 1907.
“John T. Whitaker, Esq., Atty. at Law, City.
“Dear Sir: Tour offer of forty-nine hundred dollars for the property at the cor. of Liberty & Peters Ave., measuring 105- ft. on Peters Ave. by a depth and front on Liberty of 150 ft., has been accepted.
“Yours truly, [Signed] E. Randolph Gurley.”
On February 8, 1907, E. R. Gurley gave to the plaintiff the following receipt:
“Received from Mr. John T. Whitaker four hundred and ninety dollars, being a deposit of 10% of the purchase of lots at the corner of Peters Ave. and Liberty street.”
On February 6, 1907, defendant had written the following letter to Garland Wolfe:
“Mr. Garland Wolfe, City.
“Dear Sir: You are hereby authorized to sell my vacant property, measuring 105 feet front on Peters Ave. by a depth of 150 to 170 feet on Liberty street (square Octavia and Franklin streets), or having such exact measurements as title calls for, for the price or sum of five thousand dollars cash; sale subject to examination of title. Purchaser to deposit ten per cent, of the purchase price in your hands at time of acceptance. Purchaser to assume taxes of 1907. I will give a commission of ten per cent, on amount of sale when title is perfected. Property to be free from all incumbrances. Act of sale at expense of purchaser before notary. I will pay costs of certificates. This authorization expires Friday, Feby. 8th, at six o’clock.”
On February 7, 1907, he wrote to Garland Wolfe as follows:
“Dear Sir: You may sell the above-described property for the sum of forty-nine hundred dollars cash ($4,900). All other conditions being as above.”
Under this last letter is written:
“I accept the above for forty-nine hundred dollars on the terms above named.
“[Signed] E. Randolph Gurley, Agt.”
The following certified copy of a notarial act executed by W. Morgan Gurley, notary public, appears on the record:
“State of Louisiana, Parish of Orleans, Oity of New Orleans.
“Pursuant to a request by John T. Whitaker, Esq., I, said notary, did on the 29th day of April, Í907, serve notices on the said John T. Whitaker and also on Silvan Newburger to be present at my office at ten o’clock in the morning of April 30, 1907, for the purpose of signing and passing an act of sale from the said Silvan Newburger to John T. Whitaker of the following described property, to wit:
“A certain portion of ground, together with *329 all the buildings and improvements thereon, and all the rights, ways, privileges, and servitudes, and advantages thereunto belonging or in any way appertaining, situated in the Sixth district of this city, in the square bounded by Peters avenue, Liberty, Octavia, and Franklin streets. Said portion of ground measures one hundred (100) feet, ten (10) inches, and two (2) lines front on Peters avenue by one hundred and fifty feet in depth between parallel lines, and forms the corner of Peters and Liberty street.
“Being the same property acquired by the said Silvan Newburger by purchase from Albert Toledano et al. by an act passed before Bernard Titche, notary, on August 1, 1005, registered in the conveyance office in Book 199, folio 781.
“For the price and sum of forty-seven hundred and seven dollars ($4,707.00) cash.
“That at said time and place appeared the said Mr. John T. Whitaker, who signed said act as accepting same and deposited with me, notary, the sum of forty-two hundred and seventeen dollars in cash and a receipt of E. Randolph Gurley for four hundred and ninety dollars ($490) made by the said John T. Whitaker with him on account of said purchase price, making a total of forty-seven hundred and seven dollars ($4,707). That the said Silvan New-burger failed to appear at the place and time appointed, although I, notary, stood ready to pass said act with two witnesses in attendance.
“I, notary, did then on the 2d day of May, 1907, at the hour of 2:30 in the afternoon of said date, at the request of the said John T. Whitaker, take said act of sale so signed by him, and accompanied by Charles H. Russell and Charles C. Brown, to the office of the said Silvan Newburger, No. 222 Gravier street, and was there informed that h,e was at the Cotton Exchange. Whereupon I proceeded with said witnesses to the said Cotton Exchange and did present said Silvan Newburger with said act of sale, which -he read. And I did then explain same to him, and at the same time, in the presence of said witnesses, did tender him the said agent’s deposit receipt for four hundred and ninety ($490) dollars, and also counted out to him in legal tender money of the United States the sum of forty-two hundred and seventeen dollars ($4,217.00), and did tender it to him in payment of the property herein described, and did request him to sign said act, to which he answered that if I would give him the full amount of forty-nine hundred dollars ($4,900.00), the price for which he had sold the property, he would sign said act, and not otherwise, and declined to accept the tender; that he did not measure the ground, but sold him what he had.
“Whereupon I, said notary, did protest against his nonacceptance of said tender and refusal to sign said act, and do by these presents continue so to protest.
“Thus done and passed in my office at the city of New Orleans on this 2d day of May, 1907, in the presence of Charles H. Russell and Charles C. Brown, being the same witnesses present at said legal tender, both being competent witnesses of full age of majority and residents of this city, who hereunto sign their-names with me, notary, after reading of the whole.
“[Original signed] - C. H. Russell.
“Chas. C. Brown.
“W. Morgan Gurley, Notary Public.”
“A true copy:
“[Signed] W. Morgan Gurley,
“Notary Public.”
Opinion.
The various instruments herein referred to were made part of plaintiff’s petition. As stated, plaintiff’s suit was dismissed by the district court on an exception of no cause of action having been disclosed by his petition.
It will be seen that the initial step in the negotiations referred to in the petition was a proposition of sale by defendant. The plaintiff claims that he accepted this offer; that his acceptance was in all things conformable to the offer, and resulted in the creation of a legal contract, which he was entitled. under the law to have judicially enforced; that he himself had offered and tendered to perform everything which the contract called upon him to do, but that the defendant had positively refused to comply with his obligations, though legally placed in default in respect to the same; that this suit is one asking for the specific performance by him of those obligations.
An examination of plaintiff’s petition and the exhibits annexed do not show, as plaintiff claims they do, that he is seeking in his petition to enforce the terms of a contract which was entered into between defendant and himself. On the contrary, they show on their face that defendant did not make the offer which plaintiff contends he did. They show that plaintiff is not seeking to enforce defendant’s offer. He is attempting to have the negotiations which took place between himself and defendant given a construction of which they are not legally susceptible, and so as to construct for the parties a contract they did not make. We do not find that any language was used by defendant which *331 authorized plaintiff to draw the conclusion that defendant had offered to receive from plaintiff $4,707 as the price of the property which he offered to sell him; on the contrary, the only price which he offered to take for it was $4,900. Plaintiff’s petition shows that he does not propose to pay that amount. The exhibits attached to plaintiff’s petition show that defendant never authorized his agents to sell to plaintiff anything Other than the property which he owned according to its exact measurements under his title for $4,900. He never authorized his agents to sell his property for $4,900 on the basis of a sale of 105 feet front for that sum, and for less proportionately to the number of feet less on the front. Plaintiff is attempting to enforce in this case a contract which the pleadings and the exhibits attached on their face affirmatively show he did not enter into. There may possibly have been no contract at all, but there was certainly no such contract as plaintiff declares upon. Plaintiff has never offered to pay defendant $4,900, and the latter had never refused to convey title upon receiving that amount.
For the reasons herein assigned, it is hereby ordered, adjudged, and decreed that the judgment appealed from be, and it is hereby, affirmed.
LAND, J., takes no part, not having heard the' argument.