(94 South. 326)

No. 24567

**CLARK WAREHOUSE & IMPLEMENT CO., Inc., v. JACQUES & EDMOND WEIL, Inc.**

(Oct. 30, 1922.    Rehearing Denied Nov. 27, 1922.)

*(Syllabus by Editorial Staff.)*

Sales ⬤⟞I(3)—Provision for payment in cash or notes held to make terms of payment suspensive conditions, and, when parties could not agree, there was no sale.

Where a contract of sale provided for payment on delivery, in cash or its equivalent or notes, the terms of payment were suspensive conditions, upon the happening of which alone the contract was to be perfected and enforced, and, where the parties could not agree on terms of payment, there was a failure of the minds of the parties to meet, and no contract of sale, as the court could not make a contract for the parties.

Appeal from Eighteenth Judicial District Court, Parish of Acadia;  William Campbell, Judge.

Action by the Clark Warehouse & Implement Company, Inc., against Jacques & Edmond Weil, Inc. From a judgment for plaintiff, defendant appeals. Judgment annulled and reversed, and plaintiff's demands rejected.

Medlenka & Bruner, of Crowley, for appellant.

Smith & Carmouche, of Crowley, for appellee.

By the WHOLE COURT.

LAND, J. Plaintiff company has instituted the present suit to recover of defendant company the sum of $10,650 with 8 per cent. interest thereon from May 11, 1920, until paid, and 10 per cent. additional upon the aggregate of principal and interest as attorney's fees, and all costs of this suit.

Plaintiff's demand is based upon the following agreement between said companies:

"Rayne, La., May 11, 1920."

"Motor Supply Co.: Please enter my order for the following: 1 No. 4017 Quad truck, solid tires; 1 five-ton Hesse tracking trailer; 1 No. 2018 one-ton Nash truck, new pneumatic tires; 1 one-ton Hesse tracking trailer; 1 No. 685 seven-passenger touring car—for which I agree to pay the sum of $10,750.00 in cash or its equivalent or notes on delivery on the above merchandise.

"Receiving $100.00 in cash as part payment. The seven-passenger and one-ton truck with trailer be delivered immediately. The Quad truck and trailer be delivered in ninety days.

"[Signed]  Jacques & Edmond Weil, Inc.,
                    "Per Edmond Weil, V. Pr.
"[Signed] L. J. Sarver.

"Delivery of above order was made as called by Aug. 11, 1920.

"Sett. to be agreed between now and Saturday 14th, 1920.

           "[Signed] J. & E. Weil, Inc.,
                    "Per Edmond Weil."

It is patent upon the face of the above instrument that the mere agreement of the parties as to the price and the thing sold and the delivery of the same was not intended to constitute a completed sale. Immediately beneath the words, "Delivered of the above order was made as called by Aug. 11, 1920." is written the words, "Sett. [settlement] to be agreed between now and Saturday 14th, 1920." Defendant company expressly reserved the right "to pay the sum of $10,750 in cash, or its equivalent, or notes on delivery on the above merchandise." The terms of payment, usually mere accidental stipulations in contracts of sale, assume in this particular covenant the importance of suspensive conditions, upon the happening of which alone the contract is to be perfected and enforced. This view is strengthened by the initial payment of the trifling sum of $100 cash on a tentative agreement involving a sale of merchandise valued at the large sum of $10,750. When the goods were delivered to defendant company, a demand was made by plaintiff for the sum of $3,000 cash and the balance in two notes payable in 60 days. This demand was rejected by defendant company, and an offer

was made on its part to pay $1,500 to $2,000 in cash in a few days, and the balance in three notes payable in October, November, and December, 1921, a year hence. Plaintiff company declined to consider this proposition, and instituted the present suit. The contract expressly reserves to defendant company the option "to pay in cash, or its equivalent, or notes on delivery on the above merchandise." This was a stipulation made in favor of defendant company and for its benefit. It was for defendant company to determine what amount it should pay in cash, and, if notes were given, what the terms of payment should be, and, if the offer of defendant company was not acceptable to plaintiff, then there would be a failure of the minds of the contracting parties to meet and necessarily no contract of sale. This is what actually occurred, as shown by the testimony, not only of the defendant, but also by the following testimony of L. J. Sarver, a party to the contract in question:

"Q. As a matter of fact the terms of the settlement were to be agreed upon between you and the defendant in this case on Saturday, August 14, 1920, or that is between August 11 and 14, 1920? A. A settlement was to be agreed upon—that is, the terms of the settlement.

"Q. Well, now, Mr. Sarver, why was it you did not agree upon the terms of the settlement between August 11 and August 14, 1920? A. Well, I guess it was because the terms were not satisfactory to both parties concerned."

The construction placed upon this agreement by plaintiff company, that it was justified under its terms in demanding not only $3,000 in cash, and the balance in two notes payable in 60 days, but also 8 per cent. per annum interest and 10 per cent. attorney's fees, is wholly untenable. When the parties to a contract of this unusual character cannot agree among themselves as to the terms of payment, there is an end to the matter. We are powerless to make a contract for the dissenting parties. The judgment rendered in favor of plaintiff company by the lower court is therefore erroneous, and should be reversed.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed, and that the demands of plaintiff company be rejected at its cost.