(103 So. 100)

No. 24881.

## YOUNG et al. v. CISTAC.

(Feb. 2, 1925.)

(Syllabus by Editorial Staff.)

1. **Vendor and purchaser** ⊂⟶214(5)—Sales; assignee claiming under assignment which erroneously stated terms of assigned contract, held not entitled to enforce specific performance thereof.

Where contract for sale of land provided "terms cash or one-half cash note 7 per cent. interest" an assignee of such contract claiming under an assignment, which recited that contract was "payable one-half cash, balance one and two years with interest," held not entitled to enforce specific performance, vendor

[1] Ante, p. 770.

having never agreed to terms as recited in assignment.

2. **Contracts** ⊂⟶143—Courts may not make contracts for parties.

Courts may not make contracts for parties.

3. **Assignments** ⊂⟶90—Assignee of contract acquires only rights in accordance with contract and may not change or enlarge contract in making assignment to third persons.

Assignee acquires rights under contract assigned him only in accordance with stipulations in contract and is without authority to change or enlarge contract in making assignment to third persons.

4. **Specific performance** ⊂⟶97(2)—Assignee of contract held not entitled to specific performance.

Where offer to purchase realty provided for payment of 10 per cent. of purchase price on acceptance, assignee of alleged contract held not entitled to specific performance where assignment under which he claimed showed on its face that 10 per cent. payment on account of purchase price had not been made to vendor, but had only been paid by assignee to assignor of contract for vendor.

5. **Specific performance** ⊂⟶30—Indefiniteness of contract in matter of terms held to preclude granting of specific performance.

Under Rev. Civ. Code, art. 2462, as amended by Act No. 249, of 1910, declaring requisites of contract which may be specifically enforced, contract to sell realty which provided "terms cash or one-half cash note 7 per cent. interest" held so indefinite as to terms for payment of latter half of purchase price as to be unenforceable.

Appeal from Civil District Court, Parish of Orleans; Porter Parker, Judge.

Action by H. M. Young and another against Paul Cistac. Judgment for defendant, plaintiffs appeal. Affirmed.

Wm. Winans Wall, of New Orleans, for appellants.

J. K. d'Avricourt, of New Orleans, for appellee.

LAND, J. Plaintiffs, Henry M. Young and Claude G. Rives, Jr., have brought the present suit to compel the defendant to perform

specifically an alleged promise to sell certain lots in the city of New Orleans, by signing a notarial act transferring said property to them, upon payment to defendant of the price fixed in said contract. Defendant pleaded an exception of no cause of action before answer filed, and renewed said plea in his answer. The trial judge rendered a judgment in the case upon the merits in favor of defendant, dismissing plaintiffs' suit, at their cost.

1. The contract in question was obtained by Donaldson from defendant, was assigned by Donaldson to Ebert, agent of J. W. Billingsby, and assigned by Ebert, with the consent of his principal, to plaintiffs.

The original agreement between Donaldson and defendant reads as follows:

"I hereby offer to purchase for five thousand six hundred eighty-two 50/100 dollars for the property situated as follows 3 squares Derbigny to N. Johnson, Independence, Congress, 1 full square One 17 Lots, 1–11 Lots Pay of 113.65 Lot. Said property belonging to P. Cistac. Terms Cash ½ Cash Note 7 per cent. Interest. Pro rate will pay all taxes 1918, and upon acceptance of this offer, I will pay 10 per cent. on account of the Purchase price. Sale before Gabriel F. Fernandez, Notary Public.

"[Signed]  A. Donaldson, Agt. or Assignee.
"I will accept the above offer.
                         "[Signed]  Paul Cistac."

On the reverse of this document is written the following:

"This contract of sale is hereby assigned to Jos. F. Ebert, Agent of J. W. Billingsby, to whom the 10 per cent. of the purchase price has been paid for the account of vendor to be retained by him until act of sale is passed.
                         "[Signed]  Armstrong Donaldson."

The assignment from Ebert, the agent of J. W. Billingsby, to plaintiffs is in these words:

"This is to acknowledge that you have deposited with me $568.25 on account of the purchase price of 50 lots of ground situated in squares bounded by Derbigny to Johnson, Independence & Congress sts., under contract of sale from Paul Cistac, to me, assigned by Armstrong Donaldson; said purchase price being $113.65 per lot, payable one-half cash, *balance one and two years* with interest of 7 per cent. per annum. Five per cent. commission to be paid on completion of sale.
                         "[Signed]  J. P. Ebert."

Plaintiffs have annexed to and made part of their petition the original contract between Donaldson and Cistac, the defendant, and also the two assignments in question.

[1, 2] It is to be observed that the original contract fixes no time as to the payment of the credit portion of the purchase price, when the sale is to be made upon terms of one-half cash. The stipulation in the assignment from Ebert, agent, to plaintiffs of "balance one and two years with interest of 7 per cent. per annum," does not appear in the original contract between Donaldson and Cistac, but is a term fixed by Ebert, agent, as assignor of plaintiffs, for the payment of the credit portion of the price, without authority. The defendant was no party to this assignment and did not consent to the payment of the balance of the purchase price upon such terms. It appears, therefore, from the documents annexed to and made part of plaintiffs' petition, that plaintiffs are attempting in this suit to enforce the specific performance of a contract that defendant has not made, and if the court were to enforce specifically the promise to sell in this case, we would be compelled to make a new contract between Donaldson and defendant as to the term for the payment of the balance of the purchase price. This court is powerless to make a contract for the parties which they did not make. Whitaker v. Newburger, 120 La. 330, 45 So. 264.

[3] It is elementary that an assignee acquires his rights under the contract assigned to him only in accordance with the stipulations contained in said contract, and that he is without authority to change or add to such stipulations in making an assignment

of his rights under the contract to a third person.

[4] The assignees in this case, however, did not acquire any rights under the assignments, for the reason that Donaldson had agreed to pay to Cistac 10 per cent. on account of the purchase price upon the acceptance of his offer to purchase. The assignment from Donaldson to Ebert, agent of Billingsby, shows upon its face that Donaldson had not complied with his obligation, as it is stated in said assignment that Donaldson had paid this sum to Ebert, agent of Billingsby to be retained by him for the vendor, Ebert was not the agent of Cistac, and therefore this payment cannot be held in law to be a payment to Cistac. Under this state of facts there was no consideration paid to or received by Cistac for the contract, and neither Donaldson, nor the assignees of said contract, under the alleged assignments, acquired any rights to be enforced. Plaintiffs were put on their guard in this case, and had due notice of the failure of Donaldson to comply with his contract, as Ebert, agent, recited in the assignment to them the fact that he had acquired the contract from Donaldson. Had plaintiffs examined this assignment from Donaldson to Ebert, agent, written upon the back of the contract between Donaldson and Cistac, they would have readily discovered that Donaldson had failed to comply with the contract, and had acquired nothing to assign to Ebert.

[5] 2. Article 2462, R. C. C., as amended by Act 249 of 1910, declares that:

"A promise to sell, when there exists *a reciprocal consent of both parties* as to the thing, the price *and terms*, and which if it relates to immovables is in writing, so far amounts to a sale as to give either party the right to enforce specific performance."

The contract in this case is silent as to the terms for payment of the balance of the purchase price when one-half cash is paid, and therefore is lacking in one of the essential elements of an enforceable promise to sell, as defined by said article of the Civil Code.

"The contract must be fixed and the liability of the defendant so certain that the duty imposed upon him by the court in ordering the execution of the contract can be readily ascertained and as readily enforced." City of New Orleans v. New Orleans & N. W. R. Co., 44 La. Ann. 64, 10 So. 401; Hennessey v. Woolsworth, 128 U. S. 439, 9 S. Ct. 109, 32 L. Ed. 500.

Judgment affirmed.