## DUNN et al. v. SPIRO.
### No. 14677.

Court of Appeal of Louisiana. Orleans.
March 12, 1934.

E. A. Parsons, of New Orleans, for appellant.

Frank Soule, of New Orleans, for appellees.

WESTERFIELD, Judge.

This is a suit against a real estate agent for the return of a deposit of $1,000. Petitioners allege that they entered into an agreement to buy and sell certain properties and attach a copy thereof to their petition which, so far as its pertinent provisions are concerned, reads as follows:

"Exchange or Trade Agreement Form.

"Adopted by the New Orleans Real Estate Board.

"New Orleans, La., July 25, 1932.

"I offer and agree to sell and/or exchange the property known as 1113–1111 Navarre St., N. O., La. Measurement of ground: Frontage 40 feet, by depth of 120 feet, for the sum of Five Thousand and no/100 ($5,-000.00) Dollars on terms of:

"Sale subject to existing leases, as follows: None.

"If this offer is accepted, purchaser must deposit with Joseph Spiro, Jr., agent, immediately Five Hundred and no/100 ($500.00) Dollars as part of the purchase price, and I agree to pay Joseph Spiro, Jr., agent, the commission of four per cent., on purchase price, which is earned upon the acceptance of this offer.

"Contingent upon the acceptance of my above offer and in order to effect this exchange, I offer and agree to purchase the property known as 909–911 N. Solomon Place, N. O. La.

"Measurement of ground: Frontage 48 feet by depth of 120 feet for the sum of Ten Thousand and no/100 ($10,000.00) Dollars on terms of $6,500.00 cash, balance by a loan of $3,-500.00 at rate of 8%.

"Purchase subject to existing leases, as follows: Lower apt. leased for $40.00 per mo.

"If this offer is accepted, I will deposit with Joseph Spiro, Jr., agent, immediately One Thousand and no/100 ($1,000.00) Dollars as part of the purchase price; and vendor to pay Joseph Spiro, Jr., agent, the commission of four per cent. on purchase price, which is earned upon signing of this agreement.

"Taxes on the respective properties for 1932; rents, interest on incumbrances, insurance premiums on policies in force; water, electric and gas bills, and other items of income and expense, if any, shall be adjusted pro rata as of date of acts of sale.

"Acts of exchange or sale must be passed simultaneously at the respective purchaser's expense before purchaser's notary public, on or before sixty days, 1932. All proper and necessary certificates to be furnished and paid for by the respective vendors. * * *

"This offer to remain good and irrevocable through July 31st, 1932, 6 p. m.

"Signature A. C. Dunn,
"Mrs. Velma M. Dunn,
"Jessie L. Bracey."

"New Orleans, La., July 25, 1932.

"I accept the above offer and agree to buy and to sell and/or exchange the properties as respectively mentioned and further agree to the terms and conditions therein recited. I hereby acknowledge having received a copy of this agreement.

"Signature J. Spiro, Jr., Agt. for Client,
"Address 410 Whitney Bank."

Plaintiffs allege that this agreement is void, ab initio, for indefiniteness and, in the alternative, that its terms have not been complied with, within the time mentioned in the contract, which has therefore lapsed.

The defendant answered admitting the receipt of the deposit in connection with the agreement referred to and averred that the deposit "is being held, with the full knowledge and understanding of petitioners, in his capacity as agent. That respondent is not personally bound by any of the terms of the contract sued upon, not being a party principal thereto, and that petitioners' rights thereunder, if any they have, can be exercised only against the other party thereto, well known to the petitioners, and always recognized by them as the true party in interest."

After the filing of defendant's answer a rule was taken by plaintiffs for judgment

upon the face of the papers which, after a hearing, was made absolute and judgment rendered in plaintiffs' favor as prayed for. Defendant has appealed, and in this court contends that the judgment appealed from is erroneous because of the averment in his answer to the effect that defendant was acting for a principal well known to plaintiffs, and is therefore without personal responsibility.

■ It will be observed that the only issue tendered by defendant in his answer is the question· of his personal responsibility for the return of the deposit, his contention being that his principal, and not he, should be sued for the money. No claim is made for a commission and no attempt is made to defend the legality of the contract attacked by plaintiffs as invalid. The alleged principal is not disclosed in the answer, defendant being content with the statement that his principal is well known to plaintiffs.

Of course, generally speaking, an agent for a disclosed principal may not be sued personally, and assuming arguendo that defendant did announce that he was acting for another and named his principal to the plaintiffs, the view most favorable to him, it is our opinion that the defendant was no more the agent of one than he was of the other party to the contract. He undertook to interest the principals in a transaction involving the mutual sale and purchase of real estate under an arrangement whereby he was to receive $1,000 from one side, and $500 from the other as a depositary acting in the interest of both principals. He was, in our opinion, a broker or mandatary as contemplated by Rev. Civ. Code, art. 3016, which reads as follows: "The broker or intermediary is he who is employed to negotiate a matter between two parties, and who, for that reason, is considered as the mandatary of both."

So far as the present plaintiffs are concerned, the deposit for which this suit is brought was placed with Spiro in an ineffectual effort to obtain for them a parcel of real estate which they desired to purchase, and to sell another parcel which they desired to sell. We believe the suit to have been properly brought against Spiro.

■ On the question of the validity of the contract which is attacked upon the ground of its indefiniteness, the contract provides that one purchaser was to pay $5,000 cash, and the other $10,000 "on terms of $6,500 cash, balance by loan of $3,500, at the rate of 8%." It appears, therefore, that so far as the purchasers of the N. Solomon Place property are concerned, the credit portion $3,500 was to be paid by a loan."at the rate of 8%." There is no reference to the date of the payment of the loan nor the manner in which it was to be discharged, whether in one payment or a dozen partial payments.

In the case of Young et al. v. Cistac, 157 La. 771, 103 So. 100, 101, a purchaser of real estate offered to buy certain property for $5,682.50, terms "one-half cash, note 7% interest," and in passing upon the validity of the agreement in that case the court said: "The contract in this case is silent as to the terms for payment of the balance of the purchase price when one-half cash is paid, and therefore is lacking in one of the essential elements of an enforceable promise to sell, as defined by said article of the Civil Code (art. 2462)."

At another point in the decision the court further held: "The contract must be fixed and the liability of the defendant so certain that the duty imposed upon him by the court in ordering the execution of the contract can be readily ascertained and as readily enforced."

In Corpus Juris, vol. 13, pp. 263, 264, we find the following: "Until all understand alike, there can be ·no assent, and therefore, no contract. Both parties must assent to the same thing in the same sense, and their minds must meet as to all the terms. If any portion of the proposed terms is not settled, or no mode is agreed on by which it may be settled, there is no agreement."

The situation, therefore, is that of a suit by a principal against a broker for the return of a deposit placed with him under a void agreement for the purchase and sale of real estate. Stated that way, it is impossible to escape the conclusion that the case is with plaintiffs.

■ We do not believe this case one which justifies an award for damages for frivolous appeal.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.