## TURNBULL v. GOLDBLUM.
### No. 15048.

Court of Appeal of Louisiana. Orleans.
April 29, 1935.

Stephen C. Hartel, P. A. Gaudet, and J. C. Sporl, all of New Orleans, for appellant.

Jos. A. Rosenberg, of New Orleans, for appellee.

LECHE, Judge.

Plaintiff filed this suit praying for judgment in the sum of $280, representing certain commissions earned by him as a real estate broker. Defendant filed exceptions of no cause or right of action, together with an answer to the merits, and, after a hearing, the exceptions were sustained. From this judgment, plaintiff has appealed.

On April 15, 1932, plaintiff, a licensed real estate broker, obtained from defendant a written offer to purchase certain real estate situated in the city of New Orleans. Said contract, which was annexed to and made part of the petition and properly filed in evidence, reads, in part. as follows: "I offer to purchase the property #3838 Jena St. between S. Rocheblave & Gayosa sq Cadiz Sts. Improvements being a raised bungalow. Ground measurements · as follows 72 feet front on Jena St. depth on parallel line 140 ft. depth on angular line 157 ft. Being the ground measuring about a triangular shaped lot * * * or as per title * * * for the sum of * * * Seven Thousand and no/100 * * * Dollars ($7,000) on terms of two thousand two hundred and thirty-one ($2,231) Dollars Cash, the assumption of a loan on the Canal Bank amounting to Four thousand five hundred dollars and nineteen dollars ($4,519) and the balance of Two Hundred and fifty ($250) Dollars purchaser agrees to give free rental of said property to vendor until Oct. 1st, 1932."

The contract provides further: "Should I fail to comply with the terms of this offer, if accepted, I obligate myself to pay your commission of 4 per cent. of the sale price."

On April 18, 1932, three days after the date of the contract, defendant actively breached same by notifying plaintiff through his attorney that he did not intend to carry out his part of the agreement and demanding return of the original contract. Plaintiff's commission of 4 per cent. on the sale price of $7,000 amounts to the sum of $280, which he seeks to recover in this suit.

In support of his exceptions of no cause or right of action, which were sustained by the trial court, defendant contends that the said contract is not susceptible of specific performance and is null and void by reason of uncertainty in expressing the sale price and terms of payment, and relies on the cases of Young et al. v. Cistac, 157 La. 771, 772, 103 So. 100, and Monteleone v. Blache, 11 La. App. 99, 120 So. 900.

It is our opinion that neither of the two cases have any application here. In the Young Case the contract read "Terms Cash 1/2 Cash Note 7 per cent. interest," and the court properly held that the contract fixed no time as to the payment of the credit portion of the purchase price and that it was not susceptible. of specific performance. In Monteleone v. Blache, the sale was "subject to homestead loan," and this court held that to be a potestative condition, depriving an otherwise valid contract of binding effect.

In this case the situation is entirely different and a reference to that portion of the contract above quoted will readily show that there is no ambiguity or uncertainty as to the purchase price. The total price is stated to be $7,000, the cash portion is stated to be $2,231, a portion. of the balance is asserted to be the assumption of a pre-existing mortgage loan, duly recorded in the proper public offices, setting forth in detail the terms and stipulations of said loan with certainty, and the remainder of $250 was to be taken out in rent by the vendor until October 1, 1932. The contract. is clearly susceptible of specific performance and is not in the category of those cases where the sale is made subject to a future loan, the terms of which are indefinite, and is, again, different from those cases in which the purchase price is stated to be part cash and balance terms, which terms and conditions are not specifically stated in the contract and not susceptible of specific performance, as in the case of Young et al. v. Cistac et al., supra. We are of the opinion that the contract was valid and binding and that plaintiff's petition sets forth clearly both a cause and a right of action.

For the reasons assigned, the judgment appealed from is annulled, avoided, and reversed, and it is now ordered that this case be remanded to the First city court of New Orleans for further proceedings according to law and consistent with the views herein expressed.

Reversed and remanded.

JANVIER, J., absent, takes no part.