McINNIS, Judge ad hoc.
On January 28, 1947 Robert P. Bergeron, defendant herein, executed an offer to purchase plaintiff’s property in Jefferson Parish, Louisiana. This offer was accepted by plaintiffs.
The offer and acceptance were made in writing on a standard form contract which is attached to and made part of the petition. By the terms of this contract these agreements were made:
(1). Defendant agreed to purchase and plaintiffs to sell the property in question for the price of $10,500.
(2). Defendant agreed to take title within sixty days of the date of acceptance of the offer.
(3). Upon acceptance of the offer defendant agreed to deposit in a bank of his choice in the City of New Orleans the sum of $1,050, to insure performance on his part.
If the defendant refused to accept title pursuant to this contract, this deposit was to be forfeited to plaintiffs.
(4). An Agent’s commission of $500 was to be paid out of this deposit, reserving to the plaintiffs (vendor) the right to sue purchaser for this commission in the event defendant (purchaser) failed to take title under the terms of said agreement.
(5). If the vendors (plaintiffs) refused to convey title to purchaser within the time stipulated, the purchaser (defendant) was given the right to sue either for specific performance or for liquidated damages in the amount of double the deposit.
(6). In the event either party failed to comply with this contract, such party was obligated to pay the said real estate agent’s commission, all fees and all costs of collection the liquidated damages provided.
Defendant did not make the deposit required of him to be made, nor did he take title to the property within the sixty days allowed him.
Plaintiffs brought this action for the amount of the deposit, real estate agent’s commission and the cost of collection. Defendant filed an exception of no cause or right of action which was sustained by the Trial Court. It is from the judgment sustaining the exception that this appeal is being prosecuted.
The District Judge, relying on the cases of State ex rel. Bond v. Register of Conveyances, 162 La. 362, 110 So. 559; Young v. Cistac, 157 La. 771, 103 So. 100; In Re Industrial Homestead, La.App., 198 So. 528; Tucker v. Rogers, 172 La. 445, 134 So. 388, reached the conclusion that there was no contract until the deposit provided for had actually been made.
After the judgment had been rendered and signed the Supreme Court considered the case of Samuelson v. Bosk, 219 La. 477, 53 So.2d 239, and held that the failure of the purchaser to make the deposit after having signed the contract was in itself a *393 breach of the contract, entitling the seller of the property to sue for damages and for the cost of collection, and, reversing the judgment of the District Court, rendered judgment for the plaintiffs.
The difference in the factual situation in the Bosk case, supra, and the cases relied on by defendants was pointed out in the opinion in the Bosk case. The facts there are practically the same as alleged in the case under consideration.
For the reasons assigned the exception of no cause or right of action is overruled, the judgment appealed from is reversed and this cause is remanded to the District Court for further proceedings, according to law and consistent with the views herein expressed. Defendants to pay the cost of this appeal; all other costs to await final determination of this cause.