BOLIN, Judge.
Dorothy Driskell was the owner of a commercial establishment in Shreveport, Louisiana, known as Dorothy’s Market. After some preliminary negotiations, she had a tentative verbal understanding with the defendant, J. R. Sumlin, whereby she agreed to sell him the business for a 'consideration which included the assumption by the vendee of an unpaid balance on a note which had been given by the plaintiff when she previously purchased the business. Pursuant to these preliminary negotiations, the defendant gave his personal check to the plaintiff in the sum of Four Hundred *779 and no/100 ($400) Dollars as partial payment for the total purchase price, received the keys to the building from the plaintiff, and assumed active control and operation of the market. After managing the business for two days, a dispute arose as to the total purchase price, and because the parties were unable to reach an agreement, the defendant returned the keys to Mrs. Dris-kell, stopped payment on the check, and refused to complete the contemplated sale.
The plaintiff instituted a suit in the district court of Caddo Parish against the defendant for a judgment decreeing specific performance of the alleged contract of sale and in default thereof, she be granted a judgment in the sum of Four Thousand Three Hundred and no/100 ($4,300) Dollars, which was alleged by her to be the total sale price. After the defendant filed an answer in the form of a general denial, the case was regularly tried on its merits, and a judgment was rendered in favor of the defendant. The district judge did not assign written reasons for his judgment, but it seems apparent that his decision was based on a finding that no valid contract of sale had been entered into between the parties because there had never been a definite agreement as to the price. From this judgment the plaintiff has perfected a devolutive appeal to this Court.
In order to properly dispose of the legal issues herein, it is appropriate that we examine the evidence with particular reference to the facts surrounding the agreement entered into between the parties relative to the sale of the property in question. The plaintiff was very positive in her testimony that a total sale price of Four Thousand Three Hundred and no/100 ($4,300) Dollars was agreed to by both parties and that of this amount the sum of Eighteen Hundred and no/100 ($1800) Dollars was in the form of the assumption by the vendee of the unpaid balance on a promissory note owed in connection with the business. According to her version of the agreement, the defendant was to pay the remainder of the Twenty Five Hundred and no/100 ($2500) Dollars to her in cash within a few days when the preliminary agreement was to be reduced to writing. The check in the sum of Four Hundred and no/100 ($400) Dollars which had been given to her was to be considered as a down payment on the cash portion of the sale price. The version as given by the defendant, on the other hand, is that the total sale price as agreed to and understood by him was the sum of Twenty Five Hundred and no/100 ($2500) Dollars which included the assumption by him of the unpaid balance on the note in question. Briefly stated, the dispute is whether or not the sale price of Twenty Five Hundred and no/100 ($2500) Dollars was inclusive or exclusive of the assumption of the unpaid balance on the note.
In an effort to prove her version of the agreement, the plaintiff offered the testimony of eight witnesses. Without giving a detailed analysis of each witness who so testified, it can be generally said that none of them was able to say that the defendant ever agreed to a total purchase price of Forty Three Hundred and no/100 ($4300) Dollars. It is true that some of these witnesses had heard the plaintiff say that it was her understanding that the agreement called for the payment of Twenty Five Hundred and no/100 ($2500) Dollars, plus the assumption of the note. However, not a single witness for the plaintiff testified that they had ever received such an impression from any words spoken by the defendant. To the contrary, some of the plaintiff’s own witnesses stated that the defendant thought he had made an agreement to purchase the property for a total price of Twenty Five Hundred and no/100 ($2500) Dollars, which included the assumption of the unpaid portion of the note.
The' defendant, who testified in his own behalf, said that at no time did he agree to pay plaintiff the sum of Twenty Five Hundred and no/100 ($2500) Dollars and also assume the unpaid balance on the note. His testimony was that he had operated the market in his own name for two days when *780 he first learned from the plaintiff that she expected him to assume the note in addition to paying what he had considered to be the total purchase price. The final disagreement and breaking off of the negotiations occurred in the place of business and in the presence of the butcher. After some discussion on this occasion, the defendant left the keys to the establishment on the meat block.and walked off. There is some testimony in the record that the defendant left what money he had taken in from the business in the cash register.
From our study of the record, we are of the opinion that the judge below was correct in his findings. LSA-C.C. Art. 2439 gives the definition of a sale as follows:
“The contract of sale is an agreement by which one gives a thing for a price in current money, and the other gives the price in order to have the thing itself.
“Three circumstances concur to the perfection of the contract, to wit: the thing sold, the price and the consent.”
Une of the earliest cases interpreting the above codal article is Wise v. Guthrie et al., 1856, 11 La.Ann. 91, 92, wherein the court said:
“ * * * In a sale, it is essential that the price should be certain, that is to say, fixed and determined between the parties, either by themselves or by the intervention of a third person, otherwise, in the words of the law, there exists no sale. C.C., 2439.”
In the case of Clark Warehouse & Implement Co., Inc. v. Jacques & Edmond Weil, Inc., 1922, 152 La. 707, 94 So. 326, 327, the Supreme Court was confronted with a situation wherein the parties had not agreed on the price in an alleged sale contract. The court held there was not present the necessary meeting of the minds of the parties in order to constitute a valid contract sale. In this connection, the court stated:
“ * * * When the parties to a contract of this unusual character cannot agree among themselves as to the terms of payment, there is an end to the matter. We are powerless to make a contract for the dissenting parties. * * íjí »
We are in complete agreement with the conclusions reached by the district judge that there was no agreement or consent between these parties because each had a different understanding as to the purchase price. Under these circumstances, and pursuant to the codal article and jurisprudence set forth above, there was no valid contract of sale.
The principal demand of the plaintiff is for a specific performance of the alleged contract of sale. On this subject we quote LSA-C.C. 2462: *
“A promise to sell, when there exists a reciprocal consent of both parties as to the thing, the price and terms, and which, if it relates to immovables, is in writing, so far amounts to a sale, as to give either party the right to enforce specific performance of same.”
In light of the foregoing article of the Civil Code, we do not feel that the agreement between plaintiff and the defendant could be enforced by a judgment ordering its specific performance. The cited codal article requires reciprocal consent of both parties. This provision does not imply that one party may consent to one price and the other party to a different price, but that they must reciprocally consent to the same definitely fixed price. If the price is indefinite, or if there is no mutual consent as to same, then the alleged contract is not subject to specific performance. Young et al. v. Cistac, 1925, 157 La. 771, 103 So. 100.
The evidence in this case, considered in the light of the applicable provisions of the law, clearly establishes that the trial court did not err in holding that appellant failed to discharge the burden of proving the ex *781 istence of all the essential elements of a contract of sale between the two parties; that no contract of sale ever came into being because there was no meeting of the minds and there was never any mutual or reciprocal consent as to the purchase price. Each party obviously considered a different sum as being the purchase price, and there was One Thousand Eight Hundred and no/100 ($1,800.) Dollars difference in their respective ideas concerning the total consideration. Under these circumstances, a decree of specific performance or an award of damages, as sought by appellant, cannot be granted.
The judgment of the district court rejecting the demands of the plaintiff is affirmed at the appellant’s cost.
Affirmed.