AYRES, Judge.
This is an action for the specific performance of a contract, or, in the alternative, for the forfeiture of deposits allegedly made as earnest money.
As a basis for this action, plaintiff alleges that, pursuant to a verbal agreement entered into between him and the defendant, the defendant contracted to purchase from plaintiff the business of The Florentine Club, Inc., or all of the capital stock of said corporation. The alleged contract price was $50,000.00, of which $10,500.00 was payable in cash and the balance was to be secured by a chattel mortgage on all the corporation’s assets payable in monthly installments of $725.00. In addition, $275.-00 was to be paid as rent on the leased premises and parking lot used in connection with the business. It was further contended that $5,000.00 of the aforesaid cash payment would be deposited as earnest money to secure performance of the contract by the defendant. First, $500.00 was paid in cash, followed by a second deposit of $1,500.00 and a pledge of defendant’s personal note for $3,000.00, which note was, in turn, secured by a pledge of two certain life insurance policies.
Defendant admitted negotiating for the purchase of the aforesaid property of The Florentine Club, Inc., but denied that any contract or agreement was ever entered into by him for its purchase; that it was contemplated, if an agreement was entered *466 into, it would be in writing; that they were never able to agree upon a written contract. The defendant further contends, in the alternative, that, had a contract of sale been entered into, plaintiff was never in position to make delivery of the property free of debts, liens, and encumbrances.
After trial, there was judgment in favor of plaintiff against defendant decreeing a forfeiture of the $5,000.00 allegedly deposited as earnest money, in connection with which, and as a portion of that sum, there was further judgment in plaintiff’s favor against the defendant for a balance or $2,-000.00 allegedly due on defendant’s personal note, with recognition of the pledge of the two life insurance policies. From this judgment, defendant perfected a suspensive and a devolutive appeal.
The rule is that
“A promise to sell, when there exists a reciprocal consent of both parties as to the thing, the price and terms, * * * so far amounts to a sale, as to give either party the right to enforce specific performance of same.” LSA-C.C. Art. 2462.
“But if the promise to sell has been made with the giving of earnest, each of the contracting parties is at liberty to recede from the promise; to wit: he who has given the earnest, by forfeiting it; and he who has received it, by returning the double.” LSA-C.C. Art. 2463.
Therefore, where earnest money is given, the parties to a contract have no right to demand specific performance but are relegated, as the case may be, to either the forfeiture of the deposit or to the payment of its double. Haeuser v. Schiro, 235 La. 909, 106 So.2d 306.
Hence, plaintiff was without right to a specific performance of the alleged contract, where he alleged that earnest money had been given.
The questions presented on this appeal are purely factual in character and must be resolved by a consideration of the evidence, a detailed review of which does not appear necessary for a determination of the questions presented.
Only four witnesses testified in the case; for the plaintiff, in addition to himself, was his son; for the defendant, in addition to himself, was one Ernest Palmisano. Plaintiff testified that he and defendant had entered into a verbal contract whereby defendant agreed to purchase the entire outstanding capital stock of The Florentine Club, Inc., of which he claimed to be the sole owner. The defendant was just as positive that no such verbal contract had been agreed upon. Negotiations for such a sale had been conducted over a period of several days. Defendant insisted that any agreement entered into was to be in writing. Several drafts of a proposed written agreement were made, but, as to these, no agreement was reached. Plaintiff’s son’s testimony is of little weight. He was not present during all the discussions between plaintiff and defendant. Moreover, he frankly stated he endeavored to stay as far away from them as possible. Palmisano corroborated defendant in his version of the discussions and testified that no agreement was ever reached between the parties.
An elementary rule of evidence is that a plaintiff in a civil action must establish or make out his case to a legal certainty by a reasonable preponderance of the evidence. This, we do not think plaintiff has done in this case.
Moreover, the record is replete with facts which establish that plaintiff was not in position to deliver a clear, unencumbered title to the property, nor of the capital stock. The club was closed; the corporation was insolvent; considerable debts were owed; liens for both state and federal taxes had been filed; and suits against the corporation had been instituted. The tax liens filed aggregated the sum of $17,506.54. Of this amount, plaintiff admitted there was due a sum in excess of $8,300.00. Other obligations owed by the corporation ag *467 gregated the sum of $27,000.62, as tabulated from a list filed in evidence. Plaintiff offered defendant his personal guarantee against such of these as were outstanding. The record, however, discloses that plaintiff himself was possibly insolvent; at least, he was being sued upon obligations allegedly due by him personally. This guarantee was unacceptable to defendant, and it is obvious that the cash payment was insufficient to discharge these obligations.
Defendant’s position, that he insisted upon a transfer of the assets and stock of the corporation free of claims, tax liens, or other obligations, and that he insisted upon a written contract, is consistent with reason, particularly in view of the amount involved and that the business was closed and insolvent.
From our review of the record, it is obvious to us that plaintiff has not sustained the burden of proof imposed upon him by law and established his case to that degree of legal certainty, by a preponderance of the evidence, as would entitle him to judgment.
Plaintiff, nevertheless, emphasizes, as important factors in establishing the existence of the contract to sell, the payments made by defendant, and that defendant opened the club for a brief period of four days. These circumstances are thoroughly explained. Defendant was in good faith and was anxious to make the purchase, and had no reason to suspect that an agreement would not eventually be reached. In anticipation of that fact, and on allowing what was deemed sufficient time for completion of the deal, notices were given of the proposed opening of the club, the date of which arrived without the matter having been consummated. That the club be opened as advertised was agreeable to plaintiff upon payment of $1,000.00 on defendant’s note.
It may be appropriate to observe that the record discloses the alleged earnest deposits are under the control and in the possession of plaintiff’s attorney, who has agreed to return them if final judgment is in favor of the defendant. We conclude that defendant is entitled to the return of the deposits.
We are, for the aforesaid reasons, constrained to disagree with the conclusions reached by the learned trial judge. Accordingly, the judgment appealed is annulled, avoided, reversed, and set aside, and plaintiff-appellee’s demands are now rejected and his suit dismissed at his cost.
Reversed.