207 So.2d 922 (1968)
Willard J. McMIKLE, Plaintiff-Appellant,
v.
James H. O'NEAL et al., Defendants-Appellees.
No. 10952.
Court of Appeal of Louisiana, Second Circuit.
February 5, 1968.
Rehearing Denied March 4, 1968.
Thompson L. Clarke, St. Joseph, Theus, Grisham, Davis, Leigh & Brown, Monroe, for plaintiff-appellant.
*923 John C. Morris, Jr., Rayville, for defendants-appellees.
Before GLADNEY, BOLIN and PRICE, JJ.
PRICE, Judge.
This is a suit for specific performance of alleged options to purchase land known as the "Yucatan Plantation" in Tensas Parish. Suit was filed in the Sixth Judicial District Court for Tensas Parish by Willard J. McMikle against James H. O'Neal, A. J. Reynolds, Jr. and Malcolm McEacharn, d/b/a M.O.R. Enterprises, all residents of Richland Parish. The case was previously before this Court on writs in connection with an exception to the venue. The portion of plaintiff's suit pertaining to damages was severed from the principal demand, and this claim was transferred to the district court in Richland Parish, 183 So.2d 377 (2d Cir., 1966). After trial on the merits on the issue of specific performance, judgment was rendered in which the district court held that the option had not been exercised timely and ordered the return of $6,500.00 previously paid to defendants under the terms of the contract. Plaintiff has appealed the judgment of the district court rejecting his demand for specific performance, and the defendants have answered the appeal insofar as it orders them to return the money deposited under the terms of the contract.
Two written agreements were executed by these parties, the first being an informal, unacknowledged instrument dated March 5, 1965, which was signed by plaintiff and only one defendant, Jim Reynolds, on behalf of M.O.R. Enterprises. A second more formal agreement, referred to in these proceedings as Option #2, was later prepared and executed by all of the parties to this litigation. The district court found that Option #2 was the instrument relied upon by all parties and limited its consideration to the provisions of this instrument alone. It was dated also on March 5, 1965, but was actually not prepared nor signed until sometime subsequent to that date. We think the evidence supports the conclusion that this instrument was intended to be the final agreement between these parties. Therefore, we shall also limit our consideration to the provisions of this document.
By the terms of this agreement the three defendants, who were the owners of the Yucatan Plantation, in consideration of the sum of $6,500.00 paid to them by plaintiff, granted an option to the plaintiff for the purchase of the plantation for the sum of $85.00 per acre. The period of the option was 60 days from the date of the instrument. Defendants were to except from this sale a certain camp area located on Lake Yucatan. A survey was to be prepared at the expense of the defendants to determine the actual number of acres in the sale and to delineate the camp area. The notice of the acceptance of the right to purchase was to be given in writing to the grantor by certified mail not later than 15 days before the expiration of the option period. Should the option be exercised, title was to pass within 15 days after notification. The agreement had the following provision relating to payment of the consideration in the act of sale:
"The Parties hereto further agree that the balance of the purchase price, as determined at such time as a survey shall be submitted, shall be due when the Act of Sale is passed, except that Grantor may reserve the right to accept only 30 percent down payment and the balance secured by Vendor's Lien, all this to be agreed upon by the Parties, with interest not to exceed 6% per annum."
Although the District Court found that by the terms of the option agreement written notice of its acceptance should have been given by April 20, 1965, and that this notice was not timely given, we do not find it necessary to consider this issue because of our views on the invalidity of the option agreement.
Counsel for defendants has argued that the option agreement is void and unenforceable because of the uncertainty of the *924 consideration for the contemplated act of sale. The provision in the written agreement that "Grantor may reserve the right to accept only 30 percent down payment and the balance secured by Vendor's Lien, all this to be agreed on by the Parties," is the language considered to be too indefinite to constitute a binding agreement as to the terms of the sale. We are in accord with this position.
From a reading of this clause it is obvious that should the vendors elect to sell on terms of credit, the method of repayment of the credit sale contract has not been agreed upon. It has, on the contrary, been left to future negotiations between the parties by employing the specific language, "all this to be agreed upon by the Parties, * * *."
We cannot agree with the trial judge's ruling that should the parties fail to agree on the terms the vendors would be required to accept cash. This would be a rewriting of the agreement between the parties by the court.
This Court in Price v. Town of Ruston, 19 La.App. 356, 139 So. 55 (2d Cir., 1932), gave a clear definition of agreements containing options to purchase real estate, as follows:
"An option has been held to be an unaccepted offer. It states the terms and conditions on which the owner is willing to sell or lease his land, if the holder elects to accept them within the time limit. If the holder does so elect, he must give notice to the other party, and the accepted offer thereon becomes a valid and binding contract."
As an option is nothing more than an elective right that when exercised ripens into a binding contract to buy and sell, it is therefore governed by the provisions of LSA-C. C. Article 2462. Paragraph 1 of this article provides:
"A promise to sell, when there exists a reciprocal consent of both parties as to the thing, the price and terms, and which, if it relates to immovables, is in writing, so far amounts to a sale, as to give either party the right to enforce specific performance of same."
It is elementary that, where any one of the elements provided in the foregoing article are lacking, there is no contract between the parties. The method of repayment of a credit sale is a vital element of the price of the sale.
A case most analogous to this matter is Bland v. Conner, 25 So.2d 815, decided by this Court in 1946. In that case the court considered a contract to sell which contained a clause reading, "The purchase price is $15,000.00 payable as follows $15,000.00 Cash or notes per agreement to be reached later," as being too indefinite to be susceptible of being enforced by specific performance. After citing R.C.C. Article 2462, the Court stated:
"Examination of the instrument in question discloses the fact that it does not comply with the requirements laid down by the codal provision. While there is evidenced in the instrument a mutual understanding of the parties as to the thing and the price, there was no provision as to the terms of payment of the price, and, in fact, the instrument itself declared that the terms were to be left in abeyance pending agreement thereupon by the parties at a later date."
On the question of requiring the vendor to accept cash in the event the parties were unable to negotiate the terms of credit, the Court made the following comment:
"In the case before us any provisions specifying the terms would have validated the agreement, but we cannot subscribe to the conclusion that an agreement is perfect simply because it provides that the price may be paid in cash, entirely disregarding the option of terms. The failure to specifically set forth the terms was chargeable to all parties and not solely to certain ones, and it is therefore only just that neither party should be made to suffer by reason of the error, mistake or oversight chargeable to all."
*925 In the older case of Young v. Cistac, 157 La. 771, 103 So. 100 (1925), the Court stated it was powerless to enforce a contract which did not provide for the terms of payment. The Court thus held in the following language:
"The original agreement between Donaldson and defendant reads as follows:
`I hereby offer to purchase for five thousand six hundred eighty-two 50/100 * * *. Terms Cash ½ Cash Note 7 per cent. Interest. * * *'
* * * * * *
"It is to be observed that the original contract fixes no time as to the payment of the credit portion of the purchase price, when the sale is to be made upon terms of one-half cash. * * * It appears, therefore, from the documents annexed to and made part of plaintiffs' petition, that plaintiffs are attempting in this suit to enforce the specific performance of a contract that defendant has not made, and if the court were to enforce specifically the promise to sell in this case, we would be compelled to make a new contract between Donaldson and defendant as to the term for the payment of the balance of the purchase price. This court is powerless to make a contract for the parties which they did not make."
The district court found a distinction in the case under consideration from the foregoing cases as it considered the words, "* * * the purchase price, * * *, shall be due when the Act of Sale is passed, except that Grantor may reserve the right to accept only 30 per cent down payment * *", as creating two separate and distinct rights or obligations under the contract. The court found an elective right in the grantors to specify terms and then, if no terms could be agreed upon, an obligation to accept cash. We are unable to agree with this interpretation as to do so would be to force one or the other of these parties to follow a course of action that he had never agreed to in the option agreement. The lower court's conclusion on this point is clearly refuted by the language of the case of Bland v. Conner previously cited herein.
The district judge further found that the receipt and retention of the option money by the grantors after the execution of the agreement by plaintiff was an acquiescence in the agreement. In Williams v. McCormick, 139 La. 319, 71 So. 523 (1916), the Supreme Court held that the grantor's acceptance of the consideration paid by the grantee for keeping an indefinite, and therefore invalid, option in force during the time both parties considered it in force does not prevent the grantor from demanding that it be decreed null thereafter.
For the foregoing reasons we conclude that the written agreement between these parties was null, void and of no effect.
It is therefore ordered, adjudged and decreed that the judgment appealed from, insofar as it rejected plaintiff's demand for specific performance and ordered the return of the sum of $6,500.00 by defendants to plaintiff, is affirmed. The judgment is hereby amended to provide that all costs of both courts are to be paid by plaintiff.