FRUGÉ, Judge.
This is a suit instituted by the prospective purchaser for the return of double the earnest money advanced by him at the time of executing a contract to buy and sell a plantation in Natchitoches Parish.
This suit was consolidated for trial with a companion case instituted by the realtor for his fee in obtaining a prospective purchaser. We are deciding both cases this date. Wolf v. Anderson, La.App., 242 So.2d 14 (3rd Cir. 1970).
The trial court held that the contract was valid as written and awarded plaintiff Yar-borough $30,000 as double the earnest money but refused out-of-pocket expenses, and awarded the realtors the $10,000 commission as agreed upon by the parties in the contract. Defendant Anderson has appealed and plaintiff Yarborough has answered requesting an award for expenditures made in contemplation- of the execution of the contract. We affirm.
Mr. Robert A. Wolf, Jr., of the Wolf and Wasson Real Estate Agency, was contacted by a friend of Mr. Anderson, who revealed that Mr. Anderson was contemplating a sale of his farm and would like to talk to Mr. Wolf about listing the property for sale. Mr. Wolf was carried out to the Anderson farm, at which time Mr. Anderson thoroughly showed him the farm, and agreed to have the Wolf and Wasson Real Estate Agency list the property and obtain a buyer. Several times after that date Mr. Wolf showed people around the farm without objection from the defendant, who on these occasions participated in showing the farm. On the 20th of October Mr. Wolf brought Mr. George Yarborough to the farm. Together Mr. Anderson and Mr. Wolf thoroughly showed Mr. Yar-borough the farm. After having shown all of the farm, Mr. Anderson brought Mr. Wolf and Mr. Yarborough back to his farmhouse where he showed Mr. Yar-borough the entire contents of the farmhouse. They then sat down and started negotiating a deal. After a period of bargaining the parties finally agreed to a price for the farm. Mr. Wolf, not having the proper forms with him to write a contract *13 for the transaction and without finding any other suitable paper, wrote the following on a napkin:
“I, Geo. Yarborough will buy Pat Anderson’s Farm at Allen for $590,000 — Store Fixtures Included. Furniture included (no personal items)
1/2 Minerals included
Hay left after Jan. 10, 1968, included.
$30,000 deposit to apply to purchase price
Seller, Pat Anderson, agrees to pay Wolf and Wasson a commission of $10,000. We agree to close on Jan. 10, 1968
10-20-67
Accepted /s/ R. C. Anderson
Accepted /s/ George Yarborough”
The defendant in this case contends that this was not a contract to sell but that it was merely intended to be a memorandum, the parties contemplating the entering into of a formal contract to sell at a later date. However, we are of the opinion that this instrument as drawn complies with the requirements of Louisiana Civil Code Article 1779. La.C.C. Art. 1779 provides:
“Four requisites are necessary to the validity of a contract:
“1. Parties legally capable of contracting.
“2. Their consent legally given.
“3. A certain object, which forms the matter of agreement.
“4. A lawful purpose.”
The contract was properly signed by Mr. Anderson and by Mr. Yarborough. There is no disagreement that this instrument did not comport with that Article except that the object was not certain. The use of the description “Pat Anderson’s farm” is adequate as it is evidenced that the farm is well-known by that name and that jurisprudence of this state is well-settled that the description of a residence or plantation by name and locality is sufficient. Phelan v. Wilson, 114 La. 813, 38 So. 570 (1905). Furthermore, there is no difficulty in the use of the term “Store fixtures included” or “Furniture Included (no personal items)”. There is no difficulty in understanding these references. At the time of the signing of the instrument Mr. Yarborough wrote a check to Wolf and Wasson Real Estate Agency to their escrow account — a check for $30,000 — as a deposit to be applied to the purchase price of the farm. The $30,000 was deposited in the Wolf and Wasson escrow account. If this instrument is really intended to. be merely a memorandum it would not have been necessary for plaintiff Yarborough to have made his deposit or to set a date for the closing of the sale. Under the jurisprudence of this state an instrument which states an amount of a deposit to be applied to the purchase price there is a presumption that the deposit is earnest money and hfence being earnest money the vendor is free to withdraw from the contract but only upon returning double the amount deposited. Ducuy v. Falgoust, 228 La. 533, 83 So.2d 118 (1955).
Appellant argues that since the contract did not specifically state that payment would be made in “cash” the agreement is deficient; hence, cannot support this action. The two cases he cites for his contention : Bland v. Conner, 25 So.2d 815 (La.App., 1946); and McMikle v. O’Neal, 207 So.2d 922 (La.App., 1968), were actions brought for specific performance under Article 2463. In the Bland case the plaintiff alternatively prayed for a return of double the earnest money. In rejecting this demand the court gave the same reason as for rejecting the principal demand, that the contract was incomplete as to terms of payment. However, that case is inapplicable here because in that case the language of the contract contemplated that the purchaser would have an option to purchase on credit rather than for cash. That rendered the contract indefinite. The terms *14 for the credit payment was not spelled out. In this case there is no language in the contract indicating that the price might he paid by the purchaser on credit terms. The amount as stated is adequate and need not be stated that payment is to be paid in “cash”.
The evidence in this case is clear that the defendant chose to exercise his right, under Civil Code Article 2463, to withdraw from the contract and in the evidence he stated, “I changed my mind”, and “I just backed out”. The only testimony that the contract did proport to be a valid contact is that of the defendant who at the time of the trial testified that he did not intend to sell the approximately 31-acre non-contiguous portion of the farm and that he did not intend to sell certain furniture in the house. There is no other evidence of this misunderstanding; hence we conclude that the contract did represent the intent of the parties involved and there was no mutual error made upon which the contract could be reformed. The defendant is obligated to return double of the deposit to Mr. Yarborough.
The trial court refused to allow plaintiff Yarborough recovery for the expenses he incurred in preparation for the sale. In his answer Yarborough has requested that he be awarded these expenses for title examination, title insurance cancellation and legal expenses incurred in preparation for the transfer of title. The trial court refused this award — there being no authority for granting such an award where double of the earnest money had been given. L.S.A.-C.C. Article 2463 does not provide for such an award. This request is denied.
For the foregoing reasons the judgment appealed from is affirmed. The defendant-appellant is to pay the costs of the appeal.
Affirmed.