JONES, Judge.
Osee B. Herring leased 16.5 acres from the ancestor in title of the defendants, Betty Tillie and Ruth Lane Pollock. The lease was duly recorded in the Conveyance Records of DeSoto Parish, and contained the following provision:
“If lessor during the terms of this lease decides to sell the property herein leased then in that event lessee is to be given refusal of the property.”
During the term of the lease the Pollocks sold the property subject to the lease to defendant, Evans Calvert, who immediately sold it to defendant Ellis Samuel Roe.
Herring was given no notice of these transactions. He filed this suit alleging that under the terms of the lease he had an option to purchase the property, and was given no opportunity to exercise the option because he was not offered the property by the Pollocks prior to its sale to Calvert. Herring alleges if he had been given an *512 opportunity he would have been willing to purchase the property for the same consideration paid by Calvert but not to exceed $200 per acre. He prayed for annulment of the deed from the Pollocks to Calvert, and the deed from Calvert to Roe. He further prayed that the Pollocks be ordered to sell him the property for the consideration paid by Calvert not to exceed $200 per acre.
Defendants filed an answer in the nature of a general denial.
After plaintiff rested his case, exceptions of no cause of action were filed on behalf of defendants Pollock and Calvert. All defendants thereafter rested without offering any evidence. The trial court with written reasons sustained the exceptions of no cause of action, giving as its reasons that the provision contained in plaintiffs lease did not provide for a price and terms for the sale and therefore there could be no valid option. Suit was dismissed. Plaintiff appealed. We affirm.
Since the exception of no cause of action was not ruled upon by the court until the case had been tried and submitted on its merits, the lower court could have decided the case on the merits rather than upon the exception.
We shall proceed to decide the case on its merits. This we are entitled to do under C.C.P. Art. 2164. Ford v. Baird Bros., 161 So. 45 (La.App. 2d Cir. 1935); Parr v. D. H. Holmes Co., Ltd., 311 So.2d 463 (La.App., 4th Cir. 1975).
Defendants assert there is no provision contained in the lease agreement for determining the price plaintiff would pay nor terms of the payment, and therefore no valid option could come into being which, when accepted, would be a valid contract to buy and sell subject to specific performance. C.C. Art. 2462.[1]
Plaintiff contends the right of refusal contained in the lease adequately complies with the option requirements of Art. 2462 for the reason the price and terms of the option are unequivocally implied under the concept of refusal, to be identical to the price and terms negotiated between the property owner and a bonafide potential purchaser. In the event he accepts the price and terms so determined, an enforceable contract to buy and sell shall come into being. Accepting plaintiff’s contention as to the proper interpretation of the refusal language in his lease without deciding the correctness thereof, we find plaintiff failed to prove his case.
In order for plaintiff to be entitled to purchase the property under his interpretation of the provisions of the lease, he must allege and prove the price paid for the property subject to the lease agreement, and must prove that if he had been given an opportunity he would have paid the same consideration.
The record contains no copy of the deed from the Pollocks to Calvert. Plaintiff’s only reference in his petition to the amount of consideration paid is:
“Your petitioner is willing to purchase said property subject to an attorney’s opinion as to the title thereof, for the same consideration paid for it by Evans Calvert, but not to exceed TWO HUNDRED and NO/lOO DOLLARS ($200.00) per acre.”
This indicates plaintiff would pay $3,300 for the 16.5 acres.
On trial of the case plaintiff offered the following evidence and no other with regard to the price and terms of the transac *513 tion between the Pollocks and Calvert and with regard to his willingness to pay the same consideration for the property as of the date of trial:
“Q. Mr. Herring, are you at this time willing to pay the price that was shown as consideration for the property on the deeds that were recorded from Pollock to Calvert?
“A. Well, I believe that deed read $5,000.00 and other considerations, other valuable considerations; I would be willing to pay $5,000.00 for it; I don’t know what their other considerations might be.”
This proof falls far short of clearly evidencing the consideration paid the Pollocks by Calvert. Assuming there was $5,000 cash paid as may be inferred from this testimony, the record is totally barren of what Pollocks received which fell into the category “of other valuable considerations”. In the absence of plaintiff establishing what the bonafide potential purchaser was willing to pay for the property [which in this case was what the purchaser paid for it], he clearly has not established the price which is an essential element of a valid option. Not only has plaintiff failed to establish the price Calvert paid for the property but he has not stated unequivocally that he would pay the same price.
In McMikle v. O’Neal, 207 So.2d 922 (La. App., 2d Cir. 1968) plaintiffs were denied the right to specific performance on an option accepted by them which contained the following terms:
“ * * * Grantor may reserve the right to accept only 30 percent down payment and the balance secured by Vendor’s Lien, all this to be agreed upon by the Parties, with interest not to exceed 6% per annum.” Id. at p. 923.
The court in McMikle recognized that an option is an offer, which, upon acceptance, ripens into a binding contract to buy and sell, and that such a contract must be specific as to the thing, price and terms to be subject to specific performance.
The reason for the court’s denial of specific performance in McMikle was that the option agreement failed to provide specific provisions with reference to the method of paying the credit portion of the price and this was an essential element of the sale.
Since plaintiff failed to establish the essentials of the option and his acceptance thereof, elements necessary for a contract to buy and sell to come into being, there is no basis for ordering specific performance. Since plaintiff has failed to establish his right to purchase the subject property, there is no basis for annulling and setting aside the deeds between the Pollocks and Calvert and the deed between Evans and Roe.
For the reasons herein assigned, plaintiff’s demands are rejected at his cost.

. “Art. 2462. Specific performance of options and promises to sell
“Art. 2462. A promise to sell, when there exists a reciprocal consent of both parties as to the thing, the price and terms, and which, if it relates to immovables, is in writing, so far amounts to a sale, as to give either party the right to enforce specific performance of same.
“One may purchase the right, or option to accept or reject, within a stipulated time, an offer or promise to sell, after the purchase of such option, for any consideration therein stipulated, such offer, or promise can not be withdrawn before the time agreed upon; and should it be accepted within the time stipulated, the contract or agreement to sell, evidenced by such promise and acceptance, may be specifically enforced by either party.”