SWIFT, Judge.
The plaintiff, Cleveland Law, acting through his sister and agent, Mrs. Rosalie Sprawls, negotiated the purchase of certain residential property in Powhatan, Louisiana, from the defendant, Mrs. Christine K. Blackshire. At the time Mr. Law was residing in Los Angeles, California, Mrs. Sprawls lived in Powhatan and Mrs. Black-shire was a resident of Shreveport.
On May 28,1977, Mrs. Blackshire went to Mrs. Sprawls’ home and on receipt of $1,000.00 handed her a written document that had been prepared by a friend of the defendant which reads as follows:
“May 28, 1977
To Whom It May Concern
This is to state that I Christine King
Blackshire is selling lot # 11 & 12 block
35 Powthan, La to Cleveland Law of Los
Angeles, California.
Sale price being $2,500.00 dollars, having received $1,000 on 5-28-77 leaving a balance of $1,500.00
Signed by:
Mrs. Christine King Blackshire Witness by:
1. Newmon Lockett
2. Rosie Lee Lockett”
There is a dispute between the parties as to when the $1,500.00 balance of the purchase price was to be paid and the deed executed. Mrs. Blackshire testified she was told by Mrs. Sprawls that Mr. Law “would pay it the last day of May or first of June”. However, Mrs. Sprawls said they agreed that the sale would be closed “in sixty to ninety days, Whenever school was out .” According to Mr. Law, school was out in California on June 21, but he left there for Louisiana about eight days earlier.
About June 10, 1977, Mrs. Sprawls was told by the defendant over the telephone the latter had to sell the property and wanted the balance of her money. Mrs. Sprawls informed her the bank was closed at that time of day, but she would get it just as soon as she could. At this point there is another dispute between these two persons as to what took place. Mrs. Black-shire said Mrs. Sprawls was going to call her back when she got the money from the bank. Having heard nothing further from her, she sold the property to another person on June 14, sending Mrs. Sprawls a cashier’s check for $1,000.00 made payable to Mr. Law. Mrs. Sprawls testified that Mrs. Blackshire agreed to call her later in the day of their telephone conversation. If she had gotten the money the defendant was going to drive to Powhatan and pick it up. Mrs. Sprawls withdrew $1500.00 from her savings account that day, but said she heard nothing from Mrs. Blackshire until she saw her in town several days later and was told the property had been sold to another.
Mr. Law deposited the $1,000.00 cashier’s check to his account in a local bank and subsequently brought this suit against Mrs. Blackshire for specific performance. Alternatively, he seeks to recover certain damages allegedly incurred by him as a result of the breach of contract.
*1239 The defendant filed a plea of estoppel and peremptory exceptions of no cause or right of action, which were overruled by the trial court. After a trial on the merits the court concluded that the document of May 28, 1977, was a valid earnest money contract and that the balance of the purchase price “was to be paid as understood by Mrs. Sprawls, that is, in June, 1977.” Consequently, the defendant owed the plaintiff an additional $1,000.00, plus interest from judicial demand. Judgment was rendered accordingly and the defendant perfected this suspensive appeal.
We will first consider whether or not there was a valid earnest money contract between the parties to this suit. The defendant contends there was not, because the instrument signed by her on May 28, 1977, contains no provision as to when the balance of the purchase price is to be paid, citing Bland v. Conner, 25 So.2d 815 (La. App. 2 Cir. 1946); McMickle v. O’Neal, 207 So.2d 922 (La.App. 2 Cir. 1968) and Young v. Cistac, 157 La. 771,103 So. 100 (La.1925). Each of these cases involved a credit sale or, at least, the option to purchase or sell on credit and there was no binding agreement between the parties as to the terms of the credit portion of the purchase price. Although there was mutual consent as to the thing and the price, the third essential for a valid promise to sell enforceable by specific performance under LSA-C.C. Article 2462, i. e. the “terms” of credit, was lacking. For this reason, such agreements were held to be invalid.
In Yarborough v. Anderson, 242 So.2d 11, 13 and 14 (La.App. 3 Cir. 1971), writ refused, 257 La. 613, 243 So.2d 276 (1971), this court distinguished Bland, saying:
“. . . However, that case is inapplicable here because in that case the language of the contract contemplated that the purchaser would have an option to purchase on credit rather than for cash. That rendered the contract indefinite. The terms for the credit payment was not spelled out. In this case there is no language in the contract indicating that the price might be paid by the purchaser on credit terms. The amount as stated is adequate and need not be stated that payment is to be paid in ‘cash’.”
The written instrument in Yarborough was rather similar to the one now before this court, except that it contained a specific closing date. We held it was a valid earnest money contract.
There is no indication in Mrs. Black-shire’s promise to sell of May 28, 1977, that the rest of the price could be paid on credit terms. Therefore, in our opinion the omission of the closing date, or the time for payment of the balance of the cash purchase price and delivery of the deed, does not render the subject contract fatality defective. In Richard v. Foods and Services, Inc., 162 So.2d 213, 219 (La.App. 1 Cir. 1964), writ refused, 246 La. 347, 164 So.2d 351 (La.1964), a case involving an agreement to purchase stock, the court said:
“That the time of payment was not specifically set is of no moment. When no time for the performance of the contract is stipulated, a reasonable time is implied. What constitutes reasonable time under such circumstances is determined in the light of the circumstances of each particular case. LSA-C.C. Article 2050, Dairy Specialities, Inc. v. Verbene, La.App., 117 So.2d 632.”
The same rule was applied by the Supreme Court in Fox v. Doll, 221 La. 427, 59 So.2d 443 (La.1952) in regard to an agreement to purchase real estate.
There being no declaration to the contrary in the promise to sell in this case, the deposit made on the purchase price was unquestionably earnest money. Miller v. Smith, 151 So.2d 83 (La.App. 1 Cir. 1963).
We conclude that this was a valid promise to sell by Mrs. Blackshire to Mr. Law on the giving of earnest money wherein the balance of the purchase price was to be paid within a reasonable time. We further conclude, as did the trial judge, that Mrs. Sprawls was ready, willing and able to pay the balance of the purchase price when Mrs. Blackshire made her first request or demand for its payment despite her understanding that the sale would not be consummated until Mr. Law arrived from Califor *1240 nia later in the month. Also, the sale could have been closed that day had the defendant contacted Mrs. Sprawls as she said she would. The period from May 28 to June 10, 1977, being a reasonable time under the circumstances of this case, the seller could not withdraw from the contract without returning double the amount of the earnest money.
The defendant also contends the trial judge erred in not sustaining her exception of no cause of action, because an earnest money promise to sell cannot be specifically enforced and the damages alleged in this case did not specifically include a sum equal to the earnest money deposit, citing Lastie v. Cortinas, 39 So.2d 463 (La.App.Orl. 1949). Since that decision was rendered, of course, we have adopted a new Code of Civil Procedure. Article 862 thereof provides that a final judgment shall grant the relief to which the successful party is entitled even if this has not been demanded in his pleading and it contains no prayer for general and equitable relief. The allegations of the petition in this suit set forth a binding earnest money contract which the plaintiff has rescinded without complying with her legal obligation to return to the seller twice the deposit. Thus, a cause of action in this respect was asserted therein.
The defendant’s specification of error as to the trial judge having overruled her plea of estoppel was not argued orally or in brief and consequently appears to have been abandoned. In any event, the record does not disclose any legal basis for such a plea.
For the foregoing reasons, the judgment of the trial court is affirmed. The costs of this appeal are assessed to the appellant.
AFFIRMED.