PONDER, Judge.
This is a suit, in contract, for the return of a $500.00 deposit plus damages, to which defendant filed a reconventional demand. Plaintiff appealed.
The sole issue is the nature of the agreement between the parties.
We reverse and render.
Plaintiff presented a proposed purchase agreement and a $500.00 check to defendant builder for the purchase of a home. The offer was rejected, but defendant retained the $500.00 and removed his “For Sale” sign from the property. The parties evidently made a “gentleman’s agreement” that plaintiff would buy the house if terms could be agreed upon. Negotiations continued for approximately thirty days. Defendant allowed plaintiff to select the wallpaper, carpeting and lighting fixtures. It replaced a single with a double sink at plaintiff’s request. Plaintiff also requested landscaping changes. Ultimately, the parties were unable to come to terms. Plaintiff advised defendant he no longer wished to purchase the home. Defendant refused to return the $500.00, and plaintiff sued for its recovery plus damages for mental anguish and attorney’s fees. Defendant reconvened for expenses allegedly incurred on plaintiff’s behalf. The trial court dismissed both suits. It found the parties orally agreed that, pending negotiations, defendant would receive $500.00 and in return would not place the house on the market.
Defendant sold the completed home at a higher price than offered to plaintiff.
Plaintiff cites LSA-C.C. Arts. 2440, 2462 and 2464[1] in support of his argument that *411 no legal effect can be given to an oral agreement relating to the sale of immovable property.
An option is an offer, which upon acceptance, ripens into a binding contract to buy and sell, and such contract must be specific as to the thing, price and terms. LSA-C.C. Art. 2462, supra; Herring v. Pollock, 339 So.2d 510 (La.App. 2d Cir. 1976). The evidence reveals the parties did not consent as to the price and terms.
The trial court found the agreement between the parties in the nature of a personal obligation whereby defendant, Gem Builders, agreed not to place the home on the open market in exchange for $500.00. We disagree. Such an interpretation renders the deposit a cost to plaintiff whether he purchased the house or not. We do not believe the record supports the parties’ consent to such a contract. We view the transaction as an offer by plaintiff accompanied by a $500.00 deposit; this offer was never accepted by defendants, Gem Builders. LSA-C.C. Arts. 1798, 1800.[2] At that point in time, defendant owed plaintiff the $500.00. Thereafter, there was no meeting of the minds between the parties, and therefore no valid contract. LSA-C.C. Arts. 1766, 1779.[3] Plaintiff is entitled to a return of his $500.00 deposit. LSA-C.C. Arts. 2462; Noble v. Stuart, 147 So.2d 465 (La.App. 2d Cir. 1962).
We reject plaintiff’s demand for damages for mental anguish and for attorney fees. Attorney’s fees are not allowed a litigant except where authorized by statute or by contract. Nassau Realty Co., Inc. v. Brown, 332 So.2d 206 (La.1976). Plaintiff has cited no legal basis for his recovery of mental anguish. Furthermore, his proof thereof is not sufficient.
For the above reasons that portion of the judgment of the trial court which dismisses plaintiff’s demand is reversed. It is now ordered, adjudged and decreed that there be judgment in favor of plaintiff, Bruce A. McGill, against defendant, Gem Builders, *412 Inc. in the sum of $500.00. The judgment denying recovery of damages for mental anguish and attorney fees is affirmed. Ap-pellee is to bear the costs of this appeal.
REVERSED AND RENDERED IN PART; AFFIRMED IN PART.

. LSA-C.C. Art. 2440:
“All sales of immovable property shall be made by authentic act or under private signature.
*411 Except as provided in article 2275, every verbal sale of immovables shall be null, as well for third persons as for the contracting parties themselves, and the testimonial proof of it shall not be admitted.”
LSA-C.C. Art. 2462:
“A promise to sell, when there exists a reciprocal consent of both parties as to the thing, the price and terms, and which, if it relates to immovables, is in writing, so far amounts to a sale, as to give either party the right to enforce specific performance of same.
One may purchase the right, or option to accept or reject, within a stipulated time, an offer or promise to sell, after the purchase of such option, for any consideration therein stipulated, such offer, or promise can not be withdrawn before the time agreed upon; and should it be accepted within the time stipulated, the contract or agreement to sell, evidenced by such promise and acceptance, may be specifically enforced by either party.”
LSA-C.C. Art. 2464:
“The price of the sale must be certain, that is to say, fixed and determined by the parties.
It ought to consist of a sum of money, otherwise it would be considered as an exchange.
It ought to be serious, that is to say, there should have been a serious and true agreement that it should be paid.
It ought not to be out of all proportion with the value of the thing; for instance the sale of a plantation for a dollar could not be considered as a fair sale; it would be considered as a donation disguised.”

. LSA-C.C. Art. 1798:
“As there must be two parties at least to every contract, so there must be something proposed by one and accepted and agreed to by another to form the matter of such contract; the will of both parties must unite on the same point.”
LSA-C.C. Art. 1800:
“The contract, consisting of a proposition and the consent to it, the agreement is incomplete until the acceptance of the person to whom it is proposed. If he, who proposes, should before that consent is given, change his intention on the subject, the concurrence of the two wills is wanting, and there is no contract.”

. LSA-C.C. Art. 1766:
“No contract is complete without the consent of both parties. In reciprocal contracts it must be expressed. In some unilateral contracts the law provides that under certain circumstances it shall be presumed.”
LSA-C.C. Art. 1779:
“Four requisites are necessary to the validity of a contract:
1. Parties legally capable of contracting.
2. Their consent legally given.
3. A certain object, which forms the matter of agreement.
4. A lawful purpose.”