420 So.2d 500 (1982)
Bill L. AILSTOCK
v.
James J. HAMITER, et ux.
No. 14961.
Court of Appeal of Louisiana, Second Circuit.
September 20, 1982.
*501 Nelson, Hammons & Johnson by John L. Hammons, Shreveport, for plaintiff-appellant.
Hargrove, Guyton, Ramey & Barlow by Billy R. Pesnell, Shreveport, for defendant-appellee James J. Hamiter.
James E. Franklin, Jr., Shreveport, for defendant-appellee Jeannine Hamiter.
Before MARVIN, JASPER E. JONES and FRED W. JONES, JJ.
JASPER E. JONES, Judge.
This is an action for specific performance of a contract. The plaintiff is Bill Ailstock. The defendants are James Hamiter and Jeannine Hamiter. Ailstock appeals a judgment sustaining Jeannine Hamiter's exception of no cause of action and rejecting his demands against her. Hereinafter James Hamiter will be referred to as "Hamiter" and Jeannine Hamiter will be referred to as appellee.
The petition alleges that on September 28, 1979, defendants were husband and wife; that plaintiff and Hamiter entered into a contract on that day; that the contract granted to plaintiff for one year an option to buy certain described immovable property; that plaintiff timely exercised that option and so notified Hamiter in writing; that Hamiter could not immediately convey the property and was allowed additional time to do so; and that Hamiter failed to convey the property by the conclusion of the additional time. Annexed to and made a part of the petition was a copy of the agreement between plaintiff and Hamiter which was a lease containing an option to purchase the leased property.
Appellee filed an exception of no cause of action.[1] The grounds for the exception were that plaintiff had not exercised the option; that the property in question was partly community and her concurrence in the extension of the option past January 1, 1980 was not obtained; that Hamiter and plaintiff breached fiduciary obligations to her; that the option was void for want of consideration; that the extension of the option was void for want of consideration and that the option was void for inspecificity as to the terms of payment. Appellee later additionally urged that the contract was unenforceable because of the unconstitutionality of LSA-C.C. art. 2404, now repealed, which gave the husband alone power to deal with community property.
Hamiter answered the petition and admitted its allegations. Further answering he averred that his failure to convey the property was due to complication arising from domestic litigation between himself and appellee.[2]
The district judge concluded that the option was invalid for inspecificity of the terms of payment and sustained the exception without considering the other grounds urged as reasons for its invalidity. Plaintiff appealed.[3] On appeal Hamiter joins plaintiff in urging that the judgment of the district court be reversed.
The exception of no cause of action tests whether the law affords any remedy under the allegations of the petition and for its determination all well pleaded facts are accepted as true and all doubts are resolved in favor of the sufficiency of the petition. Haskins v. Clary, 346 So.2d 193 (La.1977); Johnson v. Edmonston, 383 So.2d 1277 (La.App. 1st Cir. 1980); Gustin; supra. The appellee's contention that the option was not exercised is directly contrary to the allegations of the petition. As the factual allegations of the petition are presumed true for the purpose of the exception of no cause of action, contrary factual contentions *502 such as this do not support sustaining the exception.
The contention that the contract is void because Hamiter and Ailstock breached fiduciary obligations owed appellee does not address the allegations of the petition, instead it is a factual allegation of a possible defense. As such, this contention does not support an exception of no cause of action because it does not attack the sufficiency in law of the petition. Parks v. Winnfield Life Insurance Company, 336 So.2d 1021 (La.App.3d Cir. 1976), writ refused 339 So.2d 351 (La.1976).
Appellee also contends that her consent, which was not obtained, was required for extension of the option past January 1, 1980, and, further, that the extension of the option was void for want of consideration. The contentions ignore the law and the allegations of the petition.
Ailstock alleged that he exercised the option during its original term. After an option is exercised it becomes a binding contract to buy and sell. Herring v. Pollock, 339 So.2d 510 (La.App. 2d Cir. 1976). Appellant alleged not that the option was extended but that Hamiter was given additional time in which to convey the property.
Thus, appellee's contentions concerning the extension of the option are contrary to the factual allegations of the petition and their legal effect. As such, these grounds do not support the exception of no cause of action.
The next ground set out by appellee is that the option is void for lack of consideration.
The option was granted in a contract of lease between appellant and Hamiter. The lease provides sufficient consideration for an option to purchase contained in the lease agreement. Mitchell v. Bertolla, 397 So.2d 56 (La.App. 2d Cir. 1981), writ denied 400 So.2d 669 (La.1981); Farris v. Interstate Enterprises, Inc., 270 So.2d 230 (La. App. 1st Cir. 1972), writ refused 272 So.2d 380 (La.1973). This contention does not provide a basis for sustaining the exception.
Appellee contends the option is void for inspecificity as to the terms of payment. The district judge agreed, relying on Bland v. Conner, 25 So.2d 815 (La.App. 2d Cir. 1946), and McMikle v. O'Neal, 207 So.2d 922 (La.App. 2d Cir. 1968). We find Bland and McMikle distinguishable.
The contract involved here provides "... Ailstock will pay Hamiter the sum of $43,500.00 as the purchase price of the property." When a contract specifies no terms for payment it means full payment in cash. Succession of Witting, 121 La. 501, 46 So. 606 (1908). Thus, the terms of payment under this contract are cash in full.
In Bland the agreement between the parties specifically provided that terms were to be set out in a later agreement. The option involved in McMikle provided "Grantor may reserve the right to accept only 30 percent down payment and the balance secured by Vendor's Lien, all this to be agreed on by the parties ..." The contracts in both Bland and McMikle, in contrast to the one involved here, showed that some terms of payment, other than cash in full, were intended but failed to specify those terms.
Appellee's final contention is that the option is invalid because the now repealed former Article 2404 of the Civil Code, which gave Hamiter, as husband, authority to enter the contract granting it, is unconstitutional.
This contract was entered into by Ailstock and Hamiter on September 28, 1979. On December 12, 1979, LSA-C.C. art. 2404 was held unconstitutional in Kirchberg v. Feenstra, 609 F.2d 727 (5th Cir. 1979). The Fifth Circuit explicitly limited its decision to prospective effect only. This court recognized that and so applied Kirchberg in Crook v. White, 393 So.2d 782 (La.App. 2d Cir. 1981).
Since our decision in Crook, Kirchberg has been affirmed by the supreme court at 450 U.S. 455, 101 S.Ct. 1195, 67 L.Ed.2d 428 (1981). The supreme court declined to pass on the retroactivity of the decision. Two justices concurred to point out that the decision did not apply to any mortgage, *503 other than the one there involved, that was executed before December 12, 1979, the date of the Fifth Circuit decision.
With respect to retroactivity the Fifth Circuit said:
"We apply our decision today prospectively only, because a holding of retroactive invalidity of article 2404 would create a substantial hardship with respect to property rights and obligations within the State of Louisiana. The Supreme Court has said:
The actual existence of a statute, prior to [a determination of unconstitutionality], is an operative fact and may have consequences which cannot justly be ignored. The past cannot always be erased by a new judicial declaration. The effect of the subsequent ruling as to invalidity may have to be considered in various aspects, with respect to particular relations, individual and corporate, and particular conduct, private and official. Questions of rights claimed to have become vested, of status, of prior determinations deemed to have finality and acted upon accordingly, of public policy in the light of the nature both of the statute and of its previous application, demand examination.
Chicot County Drainage Dist. v. Baxter State Bank, 308 U.S. 371, 374, 60 S.Ct. 317, 318-319, 84 L.Ed. 329 (1940). The concept of the husband as head and master of the community of gains has been a part of Louisiana law since 1808, Louisiana Civil Code of 1808, art. 66, and before that first codification of Louisiana law it was apparently part of the Spanish Civil Law effective in that region at the time of the Louisiana Purchase, see, e.g., Pugh, The Spanish Community of Gains In 1803; Sociedad De Gananciales, 30 La.L. Rev. 1, 13 (1969). Since our decision could produce substantial inequitable results if applied retroactively, we avoid that `injustice or hardship' through a holding of nonretroactivity. Cipriano v. City of Houma, 395 U.S. 701, 706, 89 S.Ct. 1897, 23 L.Ed.2d 647 (1969); Great Northern R. Co. v. Sunburst Oil & Refining Co., 287 U.S. 358, 364, 53 S.Ct. 145, 77 L.Ed. 360 (1932)." Id. 609 F.2d 735-736.
As previously indicated in Crook, we are in accord with the Fifth Circuit's reasoning. The unconstitutionality of repealed LSA-C.C. art. 2404 should not be given retroactive effect.[4]
The district judge erred in sustaining the exception of no cause of action. The judgment is reversed and the cause is remanded for further proceedings not inconsistent with the views expressed herein. All costs are taxed against appellee.
REVERSED and REMANDED.
NOTES
[1] The pleading was entitled "Exception of No Cause and No Right of Action, and Plea of Estoppel." Despite its style the exception does not address whether plaintiff belongs to the particular class to which the law grants a remedy and, thus, it is not an exception of no right of action. Gustin v. Shows, 377 So.2d 1325 (La.App. 1st Cir. 1979).
[2] See e.g. Hamiter v. Hamiter, 414 So.2d 1379 (La.App. 2d Cir. 1982).
[3] Plaintiff makes no assignments of error but generally contends that the various grounds urged by appellee did not justify sustaining the exception.
[4] See also Succession of Viola Alexander Clivens, 406 So.2d 790 (La.1982), wherein the Louisiana Supreme Court held that the Succession of Brown, 388 So.2d 1151 (La.1980), which had declared C.C. art. 919 unconstitutional because it denied equal protection to illegitimates, would have only prospective effect as to third parties and testate successions.