CRAIN, Judge.
This is an appeal of the judgment of the trial court granting plaintiffs specific performance of a purchase agreement.
Plaintiffs, J. Donald Cascio and his wife, filed suit against Charles A. Schoenbrodt, III, Selma Schoenbrodt Stone, and Bertha P. Schoenbrodt seeking to enforce the terms of a purchase agreement for a 48.7 acre tract of land. Plaintiffs had contacted defendant, Bertha P. Schoenbrodt (Mrs. Scho-enbrodt), relative to the purchase of the land, and, after negotiations, entered into a purchase agreement for the owner-financed purchase of the property. The purchase agreement was signed by both Mr. and Mrs. Cascio, and also by Mrs. Schoenbrodt, individually, and on behalf of defendants, Charles A. Schoenbrodt, III and Selma Schoenbrodt Stone, pursuant to powers of attorney executed by them.
The purchase agreement was entered into on July 18, 1979, at a meeting of the plaintiffs and Mrs. Schoenbrodt at her Baton Rouge home. As different aspects of the sale were negotiated, Mr. Cascio, a practicing attorney, filled in by hand a form purchase agreement. After the purchase agreement was signed, the closing was scheduled for August 16, 1979.
At the closing, Mrs. Schoenbrodt began signing documents relative to the sale of the property. However, when she came to the act of sale with mortgage, Mrs. Schoen-brodt objected to the language relative to the mineral rights, and refused to go forward with the sale. After speaking by telephone to her attorney, Mrs. Schoenbrodt left the closing. Future efforts to conclude the sale proved futile, and this suit for specific performance of the purchase agreement ensued.
After trial, the trial judge ruled in favor of the plaintiffs, ordering the defendants to convey clear title to the plaintiffs within thirty days of judgment. Defendants were allowed one-half of all mineral rights.
Defendants have appealed suspensively, alleging that the trial court erred in ordering specific performance, and in not declaring the purchase agreement null and void. They also allege error in the trial judge’s accepting the appraisal of plaintiffs’ appraiser in deciding the defense of lesion against defendants, after having ordered specific performance of the purchase agreement.
*34 The dispute which arose at the act of sale concerned the term of a mineral reservation, the ability of the vendee to prepay the note and mortgage without penalty, and the ability of the vendee to make partial prepayments and obtain partial releases of the mortgaged property along with adjustments in the amounts of future installments.
The language of the purchase agreement was as follows:
“... Sellers to retain one-half of all mineral rights as long as they are financing the above property as well as royalty rights. Sellers agree to grant a partial release of mortgage on any part of the property upon receiving a pro-rata payment on the remaining balance of the mortgage as compared to the amount of property released.”
The trial judge enforced the purchase agreement by adjusting it according to what he determined was the intent of the parties. He found the partial release provision invalid because of the failure of the parties to specify the order of release. Once this provision was eliminated, the judge could then deal with the mineral reservation without reference to prepayment or partial release. Thus, he held as follows:
“... Now there is no question that the vendor intended to retain one half of the mineral rights so long as the mortgage existed, and there is no question that the vendor intended for the mortgage to exist for a period of ten years. Thus it was intended that the retention of one half of the mineral rights was to be for ten years.... ”
It is obvious that the purchase agreement was so generally drafted as to be vague as to the important details enumerated.[1] The question is whether the trial court was correct in enforcing the vague purchase agreement by recomposing it according to its determination of the intent of the parties.
The Cascios’ interpretation of the above clause with reference to the areas where disagreement arose is contained in the act of sale with mortgage which defendant refused to execute. That act provided as follows: 1. An allowance of prepayment of any portion of the remaining balance on the mortgage with the seller to grant partial releases computed by dividing the balance owed on the note by the number of unreleased acres. Total payment at any time would result in the note being marked paid and returned to the buyer. 2. A reservation of one-half of all minerals to the seller. However, in conjunction with the allowance of prepayment, anytime the buyer made payment in full, the mineral reservation would terminate even if production was in progress.[2]
Mrs. Schoenbrodt’s interpretation of the purchase agreement is found in her testimony as to the reasons she refused to sign the act of sale. With reference to prepayment, she wanted a fixed income for ten years, and consequently did not want the note and mortgage to be prepaid. She testified she did not understand the partial release clause in the purchase agreement. She also wanted a full ten. year reservation of minerals with the reservation to continue as allowed by law if production was attained.
Article 2462 of the Louisiana Civil Code, which considers specific performance of options and promises to sell, states:
“A promise to sell, when there exists a reciprocal consent of both parties as to the thing, the price and terms, and which, if it relates to immovables, is in writing, so far amounts to a sale, as to give either party the right to enforce specific performance of same....”
*35 In this case we find there is reciprocal consent as to the thing and the price, however, we find no such consent as to the terms. As the court stated in McMikle v. O’Neal, 207 So.2d 922 (La.App. 2nd Cir.1968) at p. 924:
“It is elementary that, where any one of the elements provided in the foregoing article (La.C.C. Art. 2462) are lacking, there is no contract between the parties. The method of repayment of a credit sale is a vital element of the price of the sale.”
In Bland v. Conner, 25 So.2d 815 (La.App. 2nd Cir.1946), the court found that in order to be construed as a valid agreement to sell realty, the written instrument allegedly constituting the agreement of sale should have reflected the unambiguous understanding of the parties with reference to terms of payment, as well as to the thing and the price. Furthermore, the court found that in the interpretation of agreements, courts must settle upon some interpretation which, if possible, will give validity to an instrument, but it cannot be done at the cost of eliminating wording included in the agreement by the parties themselves.
Due to the vagueness and ambiguity of the purchase agreement as to the terms of the contract relating to mineral reservations and prepayment, we can only come to the conclusion that the instrument of July 18, 1979, is void, null and of no effect for want of certainty as to terms as is required by law. The trial judge was able to validate the instrument only by eliminating certain provisions of the agreement, and by adopting an interpretation of the language relative to mineral reservations that was contrary to the interpretation offered by plaintiffs. In doing so, the trial court erred.
For the reasons assigned, the judgment appealed from is reversed and set aside, and there is now judgment in favor of defendants and against the plaintiffs, denying specific performance. All costs are to be paid by plaintiffs.
REVERSED AND RENDERED.

. If a contract is vague and ambiguous a court may consider parol evidence in order to ascertain the true intent of the parties. Monsur v. Thompson, 300 So.2d 655 (La.App. 3rd Cir.1974), writ denied 303 So.2d 187. (La.1974). In this case the trial court correctly found the purchase agreement vague and indefinite.

. There was also a dispute as to the amount of the down payment to be made by plaintiff. The purchase agreement was clear that the down payment was not to be less than 29%, which indicates that payment of a greater amount was acceptable.